JOANNA LODGE *vs.* ALEXANDER O'TOOLE.

PROVIDENCE—MARCH 2, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

Words which charge another with that which does not involve moral turpitude, and is not an offence either at common law or by statute, but only by ordinance, are not actionable *per se*.

After a verdict for the plaintiff in an action based upon such words, the declaration alleging no special damage, a motion in arrest of judgment must be sustained.

Intoxication amounting to a violation of decency is made an offence only by ordinance of the several towns and cities and is not such at common law or by statute.

TRESPASS ON THE CASE for slander.    Heard on defendant's motion in arrest of judgment after verdict for the plaintiff.

MATTESON, C. J.    The slander complained of is that the plaintiff was intoxicated to such a degree as to amount to a violation of decency.    The offence of intoxication amounting to a violation of decency is not an offence at common law or by statute.    It is made such merely by ordinances of the several towns and cities.    In *Seery* v. *Viall*, 16 R. I. 517, it was held that, though words charging an offence involving moral turpitude and liable to punishment at common law or by statute are actionable *per se*, a charge of drunkenness, as it does not involve moral turpitude and is not an offence either at common law or by statute, but only by ordinance, is not actionable *per se*.    We are of the opinion that the present suit

is within this decision, and, consequently, that, as the declaration alleges no special damages, the motion in arrest of judgment must be sustained.

Judgment arrested, and case remitted to the Common Pleas Division.

---

TILLINGHAST, J. (concurring.) I concur in the foregoing opinion, as it doubtless states the law correctly ; but, while this is so, I can but express regret that there is practically no redress for such a wrong as that which is set out in the plaintiff's declaration. It alleges that the defendant publicly, falsely, and maliciously accused the plaintiff, who is a married woman and the mother of a family of children, of being drunk in a liquor saloon in North Providence, in such circumstances as to amount to a violation of decency ; and the jury have found the defendant guilty as charged in said declaration. But as it is not an offence, either at common law or under our statute, for a person to be intoxicated, even though it be in a public place and in such circumstances as to violate the rules of common decency, it is therefore not actionable *per se* to falsely and maliciously accuse a person of being in such a condition. In other words, so long as it is only by virtue of a town or city ordinance and not by virtue of any statute of the State that one can be punished for drunkenness, it is no legal wrong to falsely and maliciously accuse a person, even though that person be a married woman and the mother of a family, with the offence of being indecently drunk in a public saloon, unless *special pecuniary* damages (Sedgwick on Damages, 6 ed. 675, note 3) result therefrom, which could seldom be proved. It seems to me that such a state of things may, without impropriety, be called to the attention of the legislature of the State.

*C. Frank Parkhurst*, for plaintiff.

*James A. Williams*, for defendant.